# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLAYTON HEATH ALBERS, *Plaintiff*, v. WILLIAM P. BARR, *Defendant.* | Civil Action No. 19-3217 (RDM) |

## MEMORANDUM OPINION

Petitioner, who is incarcerated in White Deer, Pennsylvania for sentences imposed by the U.S. District Court for the District of Kansas and an unspecified U.S. District Court in Oklahoma, filed a petition for writ of habeas corpus in this district. *See* Dkt. 1. On its face, the petition purports to be brought pursuant to 28 U.S.C. § 2241, though it appears, at least in large party, to challenge Petitioner's federal convictions and sentences, which must be done through petitions pursuant to 28 U.S.C. § 2255. *See* Dkt. 1 at 1.

Habeas petitions brought under 28 U.S.C. § 2241 must be brought in the jurisdiction in which the petitioner is held and must be brought against the warden of the correctional facility in which the petitioner is being held. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004). Because Petitioner is incarcerated at Allenwood Medium Federal Security Correctional Institution in White Deer, Pennsylvania and because Petitioner named Attorney General William P. Barr as the Respondent, the Court ordered petitioner to show cause by December 13, 2019 why his petition should not be dismissed or transferred to another district.[1]

---

[1] The Court also ordered Respondent to address this issue, but as Respondent was not served and has not appeared, the Court has not received a response from Respondent.

Minute Order (Oct. 29, 2019); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). Eight months have now passed since the deadline for Petitioner to respond to that order to show cause, and the Court has yet to receive any response. The Court, accordingly, now concludes that, insofar as the petition is brought pursuant to § 2241, Petitioner has chosen the wrong forum and has named the wrong respondent; Petitioner is not being held in this district, and he is not being held—at least for purposes of the habeas rules—by the Attorney General.

Although the petition is not the model of clarity, and although it asserts an array of allegations over the course of 134-single-spaced pages, much of the petition is best viewed as challenging the validity of Petitioner's convictions and resulting sentences. Dkt. 1. To be sure, Petitioner asserts that he "is not basing [the] Petition . . . on the Legality of a Sentence Imposed," id. at 7, that he "is not challenging the Jurisdiction of the Court which rendered the 'judge in a Criminal Case,'" *id.*, and that he is, instead, challenging the authority of the Attorney General to detain him on the ground that the President has not expressly delegated his Article II authority to the Attorney General to detain those convicted of crimes, *id.* at 7-20. At other times, however, he appears to challenge his conviction and/or sentence. He asserts, for example, that the Attorney General has "failed to prove beyond a reasonable doubt that [the Attorney General's] claim of Article II Presidential executive authority to subject the Petitioner to federal *investigation, indictment, prosecution, trial, judgment, conviction*, and detention/imprisonment." *Id.* at 28 (emphasis added) (all caps removed).

Even if Petitioner intends—despite his assertions to the contrary—to bring a challenge to his conviction or sentence, he has still brought his petition to the wrong court. A petition brought by a federal prisoner challenging the validity of his conviction or sentence must be brought before the sentencing court pursuant to 28 U.S.C. § 2255. Because Petitioner was not convicted or sentenced by this Court and, instead, alleges that he was convicted and sentenced in proceedings before the U.S. District Court for the District of Kansas and before an unspecified U.S. District Court in Oklahoma, *see* Dkt. 1 at 1, this district is not the proper venue to consider Petitioner's challenges—to the extent he intends to assert them—to his convictions and sentences.

The Court may, in the interest of justice, transfer a case to the proper district. *See* 28 U.S.C. § 1404(a). The Court declines to do so here, however, for four reasons. First, it is evident that Petitioner made a considered choice to file in this district and affirmatively sought to avoid filing in another jurisdiction. Second, if the Court were to transfer the action, it would need to decide which of three possible venues Petitioner might prefer, and, with respect to one of those venues, the petition does not reveal which U.S. District Court in Oklahoma entered his conviction and sentence. Third, the Court directed Petitioner to show cause why venue was proper in this district, and he neither responded to that order nor asked that the Court transfer venue. Finally, the petition appears, in any event, to lack merit.

The Court will, accordingly, **DISMISS** the petition, Dkt. 1, for improper venue.

A separate order will issue.

                                                  /s/ Randolph D. Moss
                                                  RANDOLPH D. MOSS
                                                  United States District Judge

Date: August 7, 2020